**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FREDERICK M. HEON, JR.,
        Petitioner,

vs.                                                     CA 12-44-ML

RI ATTORNEY GENERAL'S
OFFICE and ASHBEL T. WALL,
        Respondents.

**ORDER**

      Before the Court is Petitioner's Request for Certificate of Appealability (Doc. #19) ("Motion for COA"). Petitioner seeks to appeal this Court's Memorandum and Order of August 7, 2012 (Doc. #15), adopting the Report and Recommendation of Magistrate Judge David L. Martin dated July 25, 2012 (Doc. #13), and dismissing Petitioner's application for a writ of habeas corpus without prejudice. The Motion for COA is DENIED.

      A federal court may not grant an application for a writ of habeas corpus by a person in custody[1] pursuant to the judgment of a state court unless he has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts his state court remedies by "giv[ing] the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Rose v. Lundy, 455 U.S. 509, 515 (1982) (noting that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act").

---

[1] The Court notes that although Petitioner was released from prison in 2001, see Report and Recommendation of 7/25/12 at 1 n.1, because he is on probation he remains "in custody" for purposes of § 2254, see Jackson V. Coalter, 337 F.3d 74, 79 (1st Cir. 2003).

Here, Petitioner has not given the state courts "a full and fair opportunity," O'Sullivan, 526 U.S. at 845, to resolve his federal constitutional claims before presenting them to this Court. In fact, as noted in the Report and Recommendation, the parties have agreed to a post-conviction "merits" hearing on Petitioner's claims in the Rhode Island superior court.[2] Report and Recommendation of 7/25/12 at 11. Accordingly, Petitioner's filing of his habeas corpus petition in this Court was premature, and the granting of a Certificate of Appealability regarding the dismissal of that petition without prejudice would also be premature. Petitioner's Motion for COA is, therefore, DENIED.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

DATE: August 15, 2012

---

[2] If the result of that hearing is unfavorable to Petitioner, he must then appeal that decision to the Rhode Island Supreme Court in order to comply with the requirement that he "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845; see also 28 U.S.C. § 2254(c).